UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REYNA,<br><br>            Plaintiffs,<br><br>      vs.<br><br>GUSTAVESON, et al.,<br><br>            Defendants. | 1:20-cv-01315-JLT-GSA-PC<br><br>**ORDER DENYING MOTION TO COMPEL AND MOTION FOR ISSUANCE OF SUBPOENA AS UNTIMELY**<br><br>**(ECF Nos. 19, 20.)** |

John Reyna ("Plaintiff") is a Kings County Jail inmate proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 14, 2020. (ECF No. 1.)

On May 8, 2023, Plaintiff filed two motions, a motion to compel and a motion for issuance of a subpoena *duces tecum*. (ECF Nos. 19, 20.) Defendants have not opposed the motions. Plaintiff seeks a subpoena compelling third party Wellpath, Inc. to produce documents not available to Plaintiff from Defendant Dr. Gustaveson due to Defendant's failure to respond

1

to a request for production of documents. Plaintiff alleges that this information is vital for the progression of this case. Plaintiff requests a subpoena directing Wellpath, Inc. to provide him with (1) all of Plaintiff's medical records during his incarceration at Kings County Jail, (2) any and all medical grievances and requests that Plaintiff filed, and (3) a copy of any rules, regulations, and policies on prescribing and removing of medications.

Plaintiff also seeks to compel Defendant Dr. Gustaveson to respond to Plaintiff's interrogatories and request for production of documents.

Plaintiff's motions are untimely, and Plaintiff has not shown good cause to reopen discovery. The Scheduling Order of October 11, 2022 established a deadline of April 11, 2023 for the parties to complete discovery, including the filing of motions to compel, and this deadline has not been extended. (ECF No. 16.) Plaintiff filed his motion to compel and motion for issuance of a subpoena, on May 8, 2023, after the April 11, 2023 deadline expired.[1] Thus, Plaintiff's motion is untimely. To reopen discovery at this juncture would require modification of the court's Scheduling Order.

Modification of the court's Scheduling Order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, he or she cannot meet the requirement of the order. Id. If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). The court may also consider the prejudice to other parties.

Plaintiff has not demonstrated that with due diligence he could not have completed discovery by the April 11, 2023 deadline established by the court's Scheduling Order. The discovery phase in this action lasted four months, from December 11, 2022 until April 11, 2023. Plaintiff has not explained why he could not complete his discovery requests within the

---

[1] Plaintiff's motions were both signed by Plaintiff on April 27, 2023, which was also after the discovery deadline. (ECF Nos. 19, 20.)

time allowed.  Moreover, reopening the discovery phase of this action would almost certainly cause the trial to be delayed, which would prejudice Defendants.  This case was filed more than two years ago and should not be further delayed.  Therefore, Plaintiff's motion to compel and motion for issuance of a subpoena must be denied.

     Accordingly, based on the foregoing, Plaintiff's motion to compel and motion for issuance of a subpoena, filed on May 8, 2023, are DENIED.

IT IS SO ORDERED.

    Dated:  **June 29, 2023**                **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE