UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REYNA,<br><br>            Plaintiff,<br><br>       v.<br><br>DR. GUSTAVESON, et al.,<br><br>            Defendants. | No.  1:20-cv-01315 JLT GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 27)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE SECOND SCHEDULING ORDER<br><br>(ECF No. 30) |

Plaintiff, a county jail inmate proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This case is currently set for trial on May 29, 2024.  See ECF No. 26 at 7 (Second Scheduling Order).

Before this Court are Plaintiff's motion for the appointment of counsel and his motion to modify the trial dates.  ECF Nos. 27, 30, respectively.  The Court construes the latter as a motion to modify the Court's Second Scheduling Order ("SSO").  For the reasons stated below, both motions will be denied.

I.   MOTION FOR THE APPOINTMENT OF COUNSEL

    A.  Relevant Facts

1

In support to Plaintiff's motion for the appointment of counsel, Plaintiff states that he cannot afford to pay for counsel; the issues in this case involve medical and legal complexities; he has limited knowledge of the law and no legal training, and he has a limited high school education. ECF No. 27 at 1.

### B. Applicable Law and Analysis

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

A review of the documents filed by Plaintiff to date indicates that he has been adequately representing himself. Specifically, his complaint was written with sufficient clarity. See ECF No. 1. In addition, his responses to court orders indicate that he has a solid comprehension of what is being asked of him. They also indicate that he has an ability to file proper responses when required to do so. See, e.g. ECF Nos. 7, 12 (Plaintiff's filed Notice on How to Proceed and Notice of Submission of Documents, respectively). Finally, the fact that Plaintiff has stated a viable claim for relief in this matter indicates that success on the merits is possible.

For these reasons, having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Therefore, the motion will be denied.

### II. MOTION TO MODIFY SECOND SCHEDULING ORDER

A. <u>Relevant Facts</u>

In support of Plaintiff's motion to modify the SSO, he states that he will be having back surgery soon, but that for security reasons the precise date of the surgery is unknown. ECF No. 30. He further states that he neither knows how long his recovery will be, nor does he know if he will need to do physical therapy. <u>Id.</u> Finally, Plaintiff contends that keeping the current trial dates without granting his request for the appointment of counsel will hamper his ability to adequately represent himself while recovering from his surgery. <u>Id.</u>

B. <u>Analysis</u>

The motion will be denied for several reasons. First, there are a number of upcoming dates in this matter, all of which are interrelated. <u>See</u> ECF No. 26 at 6-7 (Second Scheduling Order). As a result, moving one date will likely require moving others. This, coupled with the fact that the dates in the SSO have already been calendared and relied upon by the parties, means that a change in the SSO will unnecessarily complicate and further delay the trial proceedings; proceedings which have already been protracted.

Next, Plaintiff has no firm date for his back surgery. Thus, moving all currently calendared trial dates on the off-chance that Plaintiff's approved, but yet-to-be-scheduled surgery, <u>might</u> interfere with the current trial schedule would be pointless at this stage of the proceedings. Courts do not schedule proceedings based on what <u>might</u> happen in the parties' lives.

Finally, Plaintiff states that he is uncertain how long his recovery from surgery will be, and that he is also uncertain whether he will require physical therapy after it. ECF No. 30. Here again, the facts show that a modification of the SSO puts the proverbial cart before the horse and is premature. Such additional uncertainty further supports a denial of Plaintiff's motion to modify the SSO. Therefore, the Court will do so. Should it happen that Plaintiff's surgery and/or any post-operative procedures or therapies he may have to undergo require a modification of the SSO, Plaintiff may file a new request at that time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 27) is DENIED, and

2. Plaintiff motion to modify the Second Scheduling Order (ECF No. 30) is DENIED.

IT IS SO ORDERED.

Dated: **November 14, 2023**                    **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE