UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REYNA,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. GUSTAVESON, et al.,<br><br>        Defendants. | No.  1:20-cv-01315 JLT GSA (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF UNINCARCERATED WITNESS WHO REFUSES TO TESTIFY<br><br>(ECF No. 34)<br><br>PLAINTIFF'S MONEY ORDER FOR TRAVEL EXPENSES AND WITNESS FEES DUE **APRIL 5, 2024** |

Plaintiff, a county jail inmate proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This matter is in the pretrial phase of the proceedings.  See ECF No. 26 (Second Scheduling Order).

On January 8, 2024, Plaintiff's motion requesting the attendance of an unincarcerated witness was docketed.  ECF No. 34.  For the reasons stated below, the motion will be granted.

I.     PLAINTIFF'S MOTION

In Plaintiff's motion requesting the attendance of an unincarcerated witness, he states that the individual he would like to have subpoenaed is Robynn Weston, a nurse practitioner.  ECF No. 34.  Plaintiff states that he does not know where she is located, he only knows that Weston is

1

employed by Wellpath and that she worked at the Kings County Jail at the time his complaint was filed. Id. Plaintiff provides no other information in support of the motion. See generally id.

Plaintiff's complaint alleges that while he was a pretrial detainee, Defendant Gustaveson, his physician during the period in question, violated his Fourteenth Amendment rights when he stopped providing him with pain medication. ECF No. 1 at 1-6. He further alleges that in approximately July 2020, he spoke with Robynn Weston, a nurse practitioner about this, and she empathized with him, stating that she wished she could help him, but her hands were tied. ECF No. 1 at 5. Plaintiff also states that Weston also confirmed with him that the new medication Defendant Gustaveson had prescribed to him was an anti-depressant. Id. at 6. Defendant's actions, Plaintiff argues, violated his rights because he repeatedly told Defendant that he was not depressed; he was in chronic pain from his various ailments. See id. at 3-6.

II.   DISCUSSION

Plaintiff's motion requesting that the Court issue a subpoena for witness Robynn Weston, a nurse practitioner, will be granted. Testimony she may offer appears to be relevant to Plaintiff's Fourteenth Amendment deliberate indifference claim. Although Plaintiff has not provided the Court with specific contact and/or mailing information for her, the provision of Weston's full name; of her employer, and of her place of employment may be enough to enable the United States Marshal to effectuate service.

Assuming that Weston can be located and served with a subpoena at Kings County Jail in Hanford, California, consistent with the guidelines provided by the United States General Services Administration,[1] her travel expenses by vehicle to and from the Robert E. Coyle Federal Building in Fresno, California will be $49.84.[2] Also assuming that she will only need one day to provide her testimony, her witness fee will be $40.00. See ECF No. 26 at 5 (stating daily witness fee). Therefore, Weston's travel expenses and daily witness fees come to a total of: $89.84.

---

[1] See generally https://www.gsa.gov/travel/plan-a-trip/transportation-airfare-rates-pov-rates-etc (last visited Mar. 22, 2024).

[2] The Court has estimated that the distance between the Kings County Jail and the federal courthouse is approximately 74.4 miles roundtrip. USGSA guidelines permit travel reimbursement of $0.67 per mile.

2

1  Plaintiff will need to submit a money order to the Court, payable to Weston, for this amount.  See
2  ECF No. 26 at 5.  Plaintiff is reminded that the subpoena will not be served on Weston by the
3  United States Marshal unless the money order is tendered in advance to the Court.  See id.
4       Plaintiff is encouraged to review the Second Scheduling Order carefully.  Given that the
5  date in it for Plaintiff to submit the money order(s) to the Court has passed, Plaintiff is directed to
6  send the money order(s) to the Court as soon as possible,  but **no later than April 5, 2024**.  The
7  longer it takes Plaintiff to send the money order(s) to the Court, the less time the United States
8  Marshal will have to attempt to locate and serve Weston with the subpoena.
9       Plaintiff is cautioned that upon receipt of the money order, and attempted service of the
10 subpoena, if Weston cannot be located and served by the United States Marshal with the
11 information he has provided to the Court, or if Weston is located outside this Court's jurisdiction
12 (see generally Fed. R. Civ. P. 45(c)), absent Weston's consent to appear voluntarily, Plaintiff will
13 not be able to call her as an in-person witness.  In the event that this happens, the money order
14 Plaintiff has sent to the Court will be returned to him.  Therefore, until it has been verified that
15 Weston has been served, Plaintiff should retain his receipt from the money order for Weston so
16 that he can be reimbursed if she is unable to be served with the subpoena.
17      Accordingly, IT IS HEREBY ORDERED that:
18      1.  Plaintiff's motion for the attendance of nurse practitioner Robynn Weston, an
19 unincarcerated witness who refuses to testify (ECF No. 34), is GRANTED, and
20      2.  Consistent with the Second Scheduling Order issued August 31, 2023 (see ECF
21 No. 26 at 5), and Federal Rule of Civil Procedure 45, Plaintiff shall IMMEDIATELY EITHER:
22          a.  SUBMIT a money order to the Court, made payable to Robynn Weston, for
23 $89.84 (=travel expenses, plus daily witness fee) – no later than **April 5, 2024**, OR
24          b.  INFORM the Court that he is unable to pay for Weston's travel expenses, plus
25 her daily witness fee.

IT IS SO ORDERED.

Dated:   **March 25, 2024**                        **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE