UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REYNA, | No. 1:20-cv-1315 JLT GSA (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S REQUEST FOR SETTLEMENT CONFERENCE |
| v. | |
| DR. GUSTAVESON, et al., | (ECF No. 45) |
| Defendants. | ORDER DENYING DEFENDANT'S REQUEST TO VACATE TRIAL DATE AND TO STAY PRETRIAL ORDER DATES |
| | (ECF No. 46) |

Plaintiff has filed a motion requesting the Court to set a settlement conference in this matter. ECF No. 45. Defendant Gustaveson has filed a reply to the request. ECF No. 46. In it, he states that he has no objection to Plaintiff's request. Id. at 1. Defendant however requests that should a settlement conference be set that the trial date, which is currently scheduled May 29, 2024, be vacated and that the dates in the Court's pretrial order be stayed pending the outcome of the settlement conference. Id.

For the reasons stated below, the Plaintiff's motion will be granted and Defendant's requests will be denied. In addition, under separate order the Court will refer the settlement conference to a different magistrate judge.

I. PLAINTIFF'S MOTION FOR SETTLEMENT CONFERENCE

1

In support of Plaintiff's motion for a settlement conference, he states that he has communicated with Defendant Gustaveson and that it has been suggested that a settlement conference would be beneficial to the resolution of his claim. ECF No. 45. The Court further notes that on April 18, 2024, a notice Plaintiff filed with the Court was docketed. See ECF No. 47. In it, Plaintiff states that he is unable to pay the travel costs and witness fees for his sole trial witness, Robynn Weston. Id.

## II. DEFENDANT'S REPLY

In Defendant's response to Plaintiff's request, he states that he has no objection to it. ECF No. 46. However Defendant requests that should a settlement conference be set, that the Court vacate the current May 29, 2024, trial date. Id. Defendant also requests that the Court "stay" the dates in its pretrial order, pending the outcome of the settlement conference and a new trial date. Id.

## III. DISCUSSION

### A. Motion for Settlement

"[M]eaningful and productive settlement conferences are vital to the judicial process in assisting district courts in managing their heavy case load." Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 484 (D. Ariz. 2003) amended on reconsideration in part sub nom. Pitman v. Brinker Int'l, No. CV 02-1886 PHX DGC, 2003 WL 23353478 (D. Ariz. Oct. 3, 2003). This matter has been on the Court's docket since 2020 – a significant length of time. The parties' willingness to participate in a settlement conference and, in so doing, avoid the continued protraction of this matter as well as the costs of a trial is a positive occurrence for all concerned. For these reasons, Plaintiff's motion will be granted.

### B. Requests for Vacation of Trial Date and Stay of Pretrial Order Dates

Because the parties have agreed to participate in a settlement conference it would not be unusual for the Court to vacate any approaching pretrial dates identified in the Court's pretrial order. See generally ECF No. 26 (second scheduling order / pretrial order). However, the only date remaining in the Court's current scheduling order is the trial date, which has been set for May 29, 2024. See id.

1  The trial date in this case has been on calendar since August 31, 2023, when the Court issued its pretrial order. See ECF No. 26 (second scheduling order / pretrial order). Since the issuance of that order the parties should have been taking the steps necessary to be ready for trial on the calendared May 29, 2024, date. Thus, irrespective of whether a settlement conference is held before the trial date the parties should still be ready for trial on that date. Furthermore, the district judge assigned to this matter has already arranged her calendar to preside over the trial on that day. For these reasons, Defendant's requests to "stay" dates in the pretrial order and to vacate the current May 29, 2024, trial date will be denied. Should the matter not settle, absent exigent circumstances, this case will proceed to trial as scheduled.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a settlement conference (ECF No. 45) is GRANTED;

2. Defendant's request that remaining dates in the pretrial order be vacated (ECF No. 46) is DENIED, and

3. Defendant's request that the May 29, 2024, trial date be vacated pending the outcome of the settlement conference (ECF No. 46) is DENIED.

**The parties are informed that a settlement conference order which provides the settlement conference date as well as an appearance writ for Plaintiff will both issue shortly via separate orders.**

IT IS SO ORDERED.

Dated:   **April 19, 2024**                    /s/ Gary S. Austin
                                              UNITED STATES MAGISTRATE JUDGE

3